ST. CHARLES AMUSEMENT & TRANSPORTATION CO. v. ELHARDT et al.

(Circuit Court of Appeals, Eighth Circuit. December 2, 1918.)

No. 5027.

1. ADMIRALTY ⊂⊃44—APPEARANCE—EFFECT.

Where the claimant of a vessel libeled had notice and appeared on the return day but did not file its answer, it is immaterial that notice of the seizure and the time when the libel would be heard were not published as required by general admiralty rule 9 (29 Sup. Ct. xl).

2. ADMIRALTY ⊂⊃91—DEFAULT DECREES—VACATION.

Under general admiralty rule 29 (29 Sup. Ct. xlii), providing that the court may in its discretion set aside a default of a defendant, the court should consider in a general way the questions proposed to be raised, as bearing on the question whether the defendant has been deprived of any important right.

3. ADMIRALTY ⊂⊃91—DEFAULT DECREES—VACATION.

The refusal of the District Court to set aside a default, and allow the claimant of a vessel libeled to answer after sale, *held* not an abuse of discretion; it appearing the defendant had actual notice and that irregularities before the sale were merely technical, etc.

Appeal from the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Libel by Ludwig B. Elhardt and others against the steamer Frontenac and barge Mississippi. Petition by the St. Charles Amusement & Transportation Company to set aside its default and be permitted to answer the libel. From an order refusing to set aside the default, petitioner appeals. Affirmed.

Lowrie C. Barton, of Pittsburgh, Pa., for appellant.

H. C. Mead, of Knoxville, Tenn., for appellees Streckfus and Wisherd.

William N. M. Crawford, of Minneapolis, Minn., for libelants.

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

CARLAND, Circuit Judge. On November 28, 1916, the appellant, claiming to be the owner of the steamer Frontenac and barge Mississippi, by its vice president, F. X. Ralphe, filed a petition in the court below to set aside its default in this case and to be permitted to answer the libel filed therein. A copy of the proposed answer was attached to the petition, which was also verified by Ralphe. The petition alleged that on May 15, 1916, appellees filed a libel in the court below in a cause of contract, civil and maritime for wages, against the above-named vessels; that process by attachment and monition was duly issued returnable July 3, 1916. As grounds for setting aside the default of appellant, the petition alleged that the marshal did not cause public notice of the seizure of said vessels to be given in such newspaper within the district of Minnesota as the District Court should order. The petition also contained the following allegation:

"That, as hereinbefore stated, your petitioner received no actual notice of the filing of said libel and proceedings thereunder, but only received constructive notice by reason of the attachment of said vessels. That its officers were ignorant of the proper practice in the premises, fully expecting that actual notice would be served on them as to when they should appear. That it did appear on the 3d day of July, 1916, at 10 o'clock in the forenoon, at Winona, expecting the matter to be called, but the matter was not taken up; they left, expecting that notice would be given them of any further action, and the next it knew was the advertising for sale of the vessels, when it then believed it was too late to take any further steps in the matter, and continued in that belief until a short time since."

These are all the allegations in the petition tending to show any excuse for appellant's default, and in view of the admissions made in the petition it is doubtful whether any cause for setting aside the default is stated. However, we will consider the kind of service that was made upon appellant.

The marshal's return showed that he attached the Frontenac and Mississippi, their engines, etc., on June 1, 1916, at Winona, in said district, and at the same time and place, posted a copy of a notice on said vessels which stated that the marshal had, on the 1st day of June, 1916, seized said vessels and taken them into his custody, and that all persons claiming the same, were notified that the United States District Court, for the district of Minnesota, would on the 3d day of July, 1916, at 10 o'clock a. m. of said day, proceed to the trial and condemnation thereof should no claim be interposed for the same. The return further showed that on the day of the seizure there was served a copy of the monition together with a copy of the above-mentioned notice, on H. C. Bear and George French, at St. Charles, Minn., and on June 2, 1916, the same papers were served on F. X. Ralphe, at Hastings, Minn.

In 1911 appellant, according to the laws of Minnesota, appointed said H. C. Bear, its agent at St. Charles, Minn., for the service of process, the appellant being a foreign corporation, and provided in the appointment that service upon Bear should constitute due and personal service upon the corporation. At the time of the service of

process on Ralphe, he was vice president of appellant and George D. French was secretary thereof. Ralphe applied to the clerk of the District Court on June 14, 1916, and obtained a copy of the libel. On its own admission, it appeared in court in response to the monition on July 3, 1916, at 10 o'clock in the forenoon, expecting the matter to be called. The matter was not taken up and the officers of appellant left.

[1-3] The requirement of general admiralty rule 9 (29 Sup. Ct. xl) that a notice of the seizure and the time when the libel would be heard shall be published, it is admitted, was not complied with nor does it appear that the court ordered such notice to be published; but this fact is immaterial as to the appellant, because it had notice and appeared in court on the return day. It could have filed its answer to the libel in the clerk's office, whether the matter was called up in open court or not. We are fully satisfied from an examination of the record that the appellant had actual notice of the return day of the libel, and that no excuse whatever has been made for setting aside its admitted default. The argument in the court below and here proceeded on the theory that the appellant was properly in the case, and could attack all proceedings in the court below subsequent to the default; but, if the default be not set aside, appellant has no right to discuss the questions raised by its proposed answer, because it is not in the case and has no pleadings therein. General admiralty rule 29 (29 Sup. Ct. xlii) provides that the court may in its discretion set aside the default of a defendant and admit him to make answer to the libel at any time before final decree. As bearing upon this discretion, the court would consider in a general way, the questions which the appellant proposed to raise, if admitted to defend, not for the purpose of deciding them, but as bearing upon the question as to whether the appellant had been deprived of any important right.

We have therefore considered the objections which the appellant makes in regard to the validity of the sale of the vessels. It is claimed that there was no judgment of default and condemnation before a sale of the vessels. The record does not show such a judgment; but, if it did, it would simply be evidence of the default, which appellant admits, and therefore, so far as appellant is concerned, is largely technical. It is also claimed that the vessels were sold for such an inadequate price as to justify the setting aside of the sale. We are not satisfied by any means that the price for which the vessels were sold was inadequate. The purchaser took great risk in the purchase of the vessels in the condition in which they were at the time of the sale, and there has been spent more than $10,000 in repairs upon the same since the purchase thereof. The record also shows that Ralphe, as vice president of appellant, who verifies the petition to set aside the default and also the proposed answer, was present at the sale with a certified check for $7,000, and did not make a bid, for the alleged reason that he did not propose to furnish money for the purpose of allowing libelants' proctor to get a fee. The record shows that Ralphe and others interested in the vessels were continually importuning the marshal to use his influence with the proctor for the libelants to either have the libel

dismissed or the vessels sold. The record also shows that the officers of appellant had actual notice of every step in the proceeding from the filing of the libel on, and did nothing until the present petition was filed November 28, 1916, the sale having been made August 31, 1916.

The other matters complained of in the answer are all matters which the appellant had ample opportunity to set up before its default, and upon their face are without merit in this proceeding. We are therefore satisfied there is no equity in appellant's motion. It was addressed to the sound discretion of the trial court, and that discretion was wisely exercised. That it was abused, as claimed by appellant, has no support whatever.

The order of the District Court, refusing to set aside the default, is therefore affirmed, with costs.